IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-514-E (BK) |
| | § | |
| ALLURE JAZZ & CIGARS, LLC, | § | |
| ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's referral order, Doc. 62, *Plaintiff, Joe Hand Promotions, Inc.'s Unopposed Motion for Default Judgment Against Defendant, Allure Jazz & Cigars LLC and Supporting Brief*, Doc. 60, is before the undersigned United States magistrate judge for findings and a recommended disposition. As detailed below, the motion should be **GRANTED**.

I. BACKGROUND[1]

In March 2022, Plaintiff sued Defendants for satellite piracy, or alternatively cable piracy, in violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553, 605 ("FCA"). Doc. 1, *passim*. Plaintiff distributes and licenses sporting events to commercial, non-

---

[1] The Court accepts the well-pleaded allegations in Plaintiff's complaint as true. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

residential establishments, such as bars and restaurants.  Doc. 1 at 4.  As relevant here, Plaintiff

held the exclusive commercial distribution rights to the March 16, 2019 boxing match between

Errol Spence, Jr. and Mikey Garcia, as well as all undercard bouts and commentary (the

"Program").  Doc. 1 at 2.  Plaintiff sold the Program's distribution rights to its customers, who

then could show it to their patrons.  Doc. 1 at 4.

 Defendants are the owners, operators, members, or managers of the DeSoto, Texas

business known as Allure Jazz and Cigar Lounge or Allure Jazz & Cigars (the "Establishment").

Doc. 1 at 2-4.  Defendants intercepted the Program and showed it to the Establishment's patrons

without Plaintiff's authorization.  Doc. 1 at 5.  Plaintiff thus seeks statutory damages, additional

damages, attorneys' fees and court costs, and post-judgment interest.  Doc. 1 at 8.

 In June 2023, the now-former counsel for Defendant Allure Jazz & Cigars LLC

("Allure") filed a motion to withdraw as the company's attorney-of-record.  Doc. 40.  The Court

granted that motion and, in so doing, ordered Allure to retain new counsel and notify the Court of

the same no later than September 6, 2023.  Doc. 41 at 3.  The Court also explicitly warned Allure

that it cannot proceed *pro se* because of its status as a corporate entity and failure to comply with

the order "may result in the entry of default."  Doc. 41 at 3.  When Allure did not comply, upon

Plaintiff's request, the Clerk of Court entered default against Allure.  Doc. 55; Doc. 57.  Plaintiff

now moves for a default judgment and seeks $30,000.00 in damages plus attorneys' fees and

costs.  Doc. 60 at 9.

## II. APPLICABLE LAW

Under Federal Rule of Civil Procedure 55, a party seeking a default judgment must satisfy three steps: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment. FED. R. CIV. P. 55; *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

Courts have discretion to determine the appropriateness of an entry of default judgment. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). First, the court considers whether a default judgment is procedurally warranted by examining the *Lindsey* factors: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Id.*

Second, the Court evaluates whether the pleadings provide a sufficient basis for the judgment. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). At this step, the court assumes only that the defaulting defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.*

Finally, the Court determines what relief, if any, the plaintiff should receive. *United States v. 1998 Freightliner Vin #:1FUYCZYB3WP886986*, 548 F.Supp.2d 381, 384 (W.D. Tex. 2008). The relief requested in the complaint limits the relief available by default judgment. FED. R. CIV. P. 54(c) ("[A] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Courts typically do not award damages without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v.*

3

*Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam).  But a hearing is unnecessary if the amount of damages can be determined through a mathematical calculation by referring to the pleadings and supporting documents.  *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III. ANALYSIS

### A.  Default judgment is procedurally warranted.

As noted previously, Allure, a corporate entity, cannot proceed without legal representation.  *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("[T]he lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *Arredondo v. SunLife Power L.L.C.*, No. EP-22-CV-00299-DCG, 2023 WL 7317695, at *1 (W.D. Tex. Jan. 5, 2023) ("Business entities—including Limited Liability Companies ('LLCs') . . .—cannot represent themselves in court.").  In light of the current posture of this case, Allure's answer, Doc. 20, should be stricken.  *See, e.g.*, *Future World Elecs., L.L.C. v. Over Drive Mktg., L.L.C.*, No. 3:12-CV-2124-B, 2013 WL 5925089, at *2 (N.D. Tex. Nov. 5, 2013) (Boyle, J.) (granting motion for default judgment and *sua sponte* striking defendant's answer when corporate defendant failed to retain counsel following court order); *Adonai Commc'ns, Ltd. v. Awstin Investments, L.L.C.*, No. 3:10-CV-2642-L, 2012 WL 899271, at *2 (N.D. Tex. Mar. 16, 2012) (Lindsay, J.) (same).

The *Lindsey* factors favor granting default judgment here.  First, because Allure's answer should be stricken, there are no material issues of fact.  *See Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact.").  Second, Allure's failure to obtain counsel threatens to bring this

case to a halt, which would substantially prejudice Plaintiff's interests.  *See Gandy v. Lynx Credit*, No. 3:14-CV-0369-B, 2014 WL 6805501, at \*2 (N.D. Tex. Dec. 3, 2014) (Boyle, J.) (citing *Lindsey*, 161 F.3d at 893).  Third, the grounds for default are clearly established as well because Allure received direct orders from the Court to retain counsel and failed to comply.  *See Future World*, 2013 WL 5925089, at \*2.  Fourth, given the August 7, 2023 order, there is nothing in the record that suggests Allure's noncompliance is a result of a good faith mistake or excusable neglect.  *See Lindsey*, 161 F.3d at 893.  Fifth, Plaintiff seeks only the relief that the FCA entitles it to, which mitigates the harshness of a default judgment.  *Joe Hand Promotions, Inc. v. Mickey's Sports Bar & Grill, L.L.C.*, No. 3:17-CV-1312-S-BK, 2018 WL 3039256, at \*2 (N.D. Tex. May 8, 2018) (Toliver, J.) (citation omitted), *adopted by*, 2018 WL 3038510 (N.D. Tex. June 19, 2018) (Scholer, J.).  Last, the Court is unaware of any facts that would constitute "good cause" to set aside the default if challenged by Allure.  Thus, default judgment is procedurally warranted.

**B.  The pleadings provide sufficient basis for default judgment.**

Plaintiff's well-pleaded allegations support entry of default judgment against Allure for violating Section 605 of the FCA.[2]  A person violates Section 605 when he "intercept[s] any radio communication . . . or receive[s] or assist[s] in receiving any interstate or foreign

---

[2] Plaintiff sued Defendant for violating Section 605, or alternatively Section 553, of the FCA. Doc. 1 at 7.  But Plaintiff has moved for default judgment only as to its claim under Section 605. Doc. 60 at 7.  Thus, the Court considers only whether the pleadings sufficiently support a violation of Section 605.

communication by radio and use[s] such communication . . . for his own benefit or for the benefit

of another not entitled thereto." 47 U.S.C. § 605(a). To prevail, Plaintiff must prove: (1) the

Program was shown in Allure's commercial establishment, the Establishment; (2) without

Plaintiff's authorization; and (3) Plaintiff was the exclusive licensee. *See J & J Sports Prods.,*

*Inc. v. Q Cafe, Inc.*, No. 3:10-CV-02006-L, 2012 WL 215282, at *3 (N.D. Tex. Jan. 25, 2012)

(Lindsay, J.). The pleadings and evidence attached to the motion *sub judice* generally establish a

violation of Section 605. Doc. 1, *passim*; Doc. 61-2 (affidavit of Plaintiff's president, Joe Hand,

Jr.); Doc. 61-4 (Plaintiff's Rate Card); Doc. 61-5 (affidavit of Plaintiff's investigator, William

Hemphill).

But additional findings are required to specifically hold Allure liable. *Joe Hand*

*Promotions, Inc. v. Lucky Shot L.L.C.*, No. 2:22-CV-113-Z-BR, 2022 WL 16557847, at *3 (N.D.

Tex. Oct. 31, 2022) (Kacsmaryk, J.). Plaintiff must show that Allure possessed: (1) the right and

ability to supervise the unauthorized activities of the Establishment; and (2) an obvious and

direct financial interest in those activities. *Id.* Plaintiff adequately alleges both prongs of this

inquiry. Doc. 1 at 2. And competent evidence supports these allegations. *See, e.g.*, Doc. 61-1.

Thus, the alleged facts demonstrate that Allure violated Section 605.

### C. Plaintiff is entitled to statutory damages additional damages, and attorneys' fees and court costs.

Given its findings, the Court must determine whether damages can be calculated without

a hearing. FED. R. CIV. P. 55(b)(2). Courts may do so if "the amount claimed is a liquidated sum

or one capable of mathematical calculation," such as by referring to the pleadings and supporting

documents. *United Artists Corp.*, 605 F.2d at 857; *T–Mobile USA Inc. v. Shazia & Noushad*

6

*Corp.*, No. CIV 3:08-cv-00341, 2009 WL 2003369, at *3 (N.D. Tex. July 10, 2009) (O'Connor,

J.) (citation omitted).  No hearing is necessary here, as Plaintiff's complaint and the evidence

accompanying Plaintiff's motion provide a sufficient basis for the Court to calculate damages.

### i.     Statutory and Additional Damages

Plaintiff seeks $5,000.00 in statutory damages and $25,000.00 in additional damages,

with supporting evidence including an affidavit from its president, Joe Hand, Jr., and one from

its investigator, William Hemphill.  Doc. 1 at 8; Doc. 60 at 29; Doc. 61-2; Doc. 61-5.  The Court

has already awarded $30,000.00 to Plaintiff for Defendant Pride 37's violation of 47 U.S.C. 605.

Doc. 45.  Accordingly, Plaintiff is not entitled to another damages award, as Allure should be

held jointly and severally liable for the previously entered partial judgment, Doc. 45.  *See, e.g.,*

*Joe Hand Promotions, Inc. v. 2 Tacos Bar & Grill, L.L.C.*, No.3:16-CV-1889-M, 2017 WL

373478, at *3 (N.D. Tex. Jan. 26, 2017) (Lynn, C.J.) (granting motion for default judgment on an

identical claim and awarding damages to Plaintiff to be paid jointly and severally by both

defaulting defendants); *Joe Hand Promotions, Inc. v. Tejano Cowboy's Lounge, L.L.C.*, No. 3:18-

CV-03244-M, 2019 WL 13194128, at *4 (N.D. Tex. July 10, 2019) (Lynn, C.J.) (same); *Joe*

*Hand Promotions, Inc. v. On the Rocks Bar & Grill, L.L.C.*, No. EP-11-CV-554-KC, 2012 WL

3129137, at *5 (W.D. Tex. July 30, 2012) (same).

### ii.     Attorneys' Fees and Costs

Plaintiff requests attorneys' fees in the amount of $4,950.00 (19.8 hours at a rate of

$250.00 per hour) and costs in the amount of $847.00 (the $402.00 filing fee, $400.00 mediation

fee plus $45.00 for serving Allure).  Doc. 61-13 at 8,10.

The FCA requires courts to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). In the Fifth Circuit, that determination is a two-step process. *Smith v. Acevedo*, 478 F. App'x. 116, 124 (5th Cir. 2012) (per curiam). First, the court calculates the "lodestar," or the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id.* The court excludes time that is excessive, duplicative, or inadequately documented. *Id.* After that, the court can adjust the amount based on the twelve factors laid out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The *Johnson* factors are (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skills required to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed of contingent; (7) time limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) "undesirability" of the case; (11) nature and length of the professional relationship with client; and (12) awards in similar cases. *Id.* at 717-19.

Plaintiff should receive the requested rate of $250.00 per hour worked in relation to Allure. In support of the requested rate, Plaintiff offers the affidavit of its attorney, Jamie King. *See* Doc. 61-13. Ms. King, a Texas-licensed attorney since 2004, has handled, or is handling, over 300 anti-piracy cases. Doc. 61-13 at 1-2. This Court has previously awarded Ms. King fees at an hourly rate of $250.00 in similar cases. *See, e.g.*, *Joe Hand Promotions, Inc. v. Alima*, 2014 WL 1632158, No. 3:13-CV-0889-B, 2014 WL 1632158, at *5-6 (N.D. Tex. Apr. 22, 2014) (Boyle, J.). Given her ability, competence, and experience, the requested rate remains reasonable.

In support of the requested amount, Ms. King attaches time records describing both the estimated number of hours expended (19.8) and the work performed.  Doc. 61-13 at 3-7.  As the requesting party, Plaintiff bears the burden of establishing that the number of hours expended were reasonable with adequately recorded time records as evidentiary support.  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  The Court has discretion to reduce the number of compensable hours "[w]here the documentation of hours is inadequate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997).

However, it is appropriate to reduce Ms. King's estimated hours spent on this case.  The first two entries for which she seeks fees here (totaling 2.8 hours) are duplicative of earlier entries that she already received fees for.  Doc. 61-13 at 3; Doc. 35-10 at 2 (requesting attorneys' fees for these entries); Doc. 45 (awarding same); *see Bobby Goldstein Productions, Inc. v. Habeeb*, No. 3:21-CV-01924-G, 2023 WL 8790284, at *5 (N.D. Tex. Nov. 27, 2023) (Rutherford, J.), *adopted by*, 2023 WL 8791178 (N.D. Tex. Dec. 19, 2023) (Fish, J.) (reducing the awarded attorneys' fees based on, *inter alia*, duplicative entries).

In addition, Ms. King's time entries contain tasks done for other defendants and vague descriptions of the work completed.  *See* Doc. 61-13 at 3-7.  Vague time entries are those that are "not illuminating as to the subject matter" or are "vague as to precisely what was done."  *Barrow v. Greenville Indep. Sch Dist.*, No. 3:00-CV-0913-D, 2005 WL 6789456, at *5 (N.D. Tex. Dec. 20, 2005) (Fitzwater, J.), *aff'd*, 2007 WL 3085028 (5th Cir. 2007).  Ms. King's time entries include descriptions of work done such as "Email correspondence with counsel," "Review file," "Prepare report" and others that cannot be apportioned appropriately per defendant.  Doc. 61-13

at 3-5; *see Barrow*, 2005 WL 6789456, at *11 ("Examples such as: 'revise memorandum,'

'review pleadings,' 'review documents,' and 'correspondence' are sufficiently vague that the

court could accept or reject them in a fee application."). Consequently, vague entries and work

completed for additional defendants here should be divided and reduced to accurately reflect the

work done specifically for Allure. *See Von Clark v. Butler,* 916 F.2d 255, 259 (5th Cir. 1990)

("When the documentation of hours is inadequate for the court to identify those hours spent on

prevailing claims which are separate and distinct from other claims, the district court may reduce

the award accordingly."); *Joe Hand Promotions, Inc. v. Fusion Hookah, L.L.C.*, No. A-16-CV-

1339-RP, 2018 WL 1887293, at *6 (W.D. Tex. Feb. 1, 2018) (reducing attorneys' fees based on

time entries related to other defendants), *adopted by*, 2018 WL 1885192 (W.D. Tex. Mar. 28,

2018).

Based on a review of these records, the Court has calculated Ms. King spent 13.27 hours

related to Allure and that this amount of time was reasonable and necessary. Due to the

adjustments for the "lodestar," no further modifications of the amount are necessary under the

*Johnson* factors. *See Johnson*, 488 F.2d 717-19; *Smith*, 478 F. App'x. at 124. Accordingly,

awarding $3,317.50 in such fees is proper due to the undersigned's experience in determining

reasonable attorneys' fees based on time expended and the fee awards in similar cases.

Plaintiff also requests $847.00 in costs, including $400.00 for court-ordered mediation

that occurred after Allure's counsel was withdrawn and which Allure did not attend or participate

in. Doc. 49 at 1. Accordingly, $447.00 is attributable to Allure, not the $847.00 requested. *See*

*Joe Hand Promotions, Inc. v. Fusion Hookah, L.L.C.*, No. 1:19-CV-618-RP, 2020 WL 6876208,

at *6 (W.D. Tex. Nov. 23, 2020) (reducing plaintiff's costs to those attributable to the particular

defendant), *adopted by,* 2018 WL 1885192 (W.D. Tex. Mar. 28, 2018).  However, Plaintiff has

already been awarded the filing fee, Doc. 45, and thus should be awarded its costs in the amount

of $45.00, for the process serving fees for Allure. Doc. 61-13 at 10.

   **iv.**  **Post-Judgment Interest**

   Last, Plaintiff seeks post-judgment interest.  Doc. 1 at 8; Doc. 60 at 29.  Interest is

allowed on any money judgment in a civil case recovered in a district court.  28 U.S.C. §

1961(a).  "A district court has discretion to impose a . . . post-judgment interest award to make a

plaintiff whole." *Williams v. Trader Publ'g Co.*, 218 F.3d 481, 488 (5th Cir. 2000) (per curiam).

Given the undersigned's recommended award of attorneys' fees and costs, Plaintiff will be

harmed if Allure fails to diligently satisfy the same.  Post-judgment interest will ensure that

Plaintiff is made whole, so Plaintiff should be awarded the same according to Section 1961

*supra*.

## IV. CONCLUSION

   For the foregoing reasons, Allure's answer, Doc. 20, should be **STRICKEN**, and

*Plaintiff, Joe Hand Promotions, Inc.'s Unopposed Motion for Default Judgment Against*

*Defendant, Allure LLC and Supporting Brief*, Doc. 60, should be **GRANTED**.  Accordingly,

Default judgment should be entered against Allure, and Allure should be jointly and severally

liable for the previously entered damages award, Doc. 45.  Moreover, Plaintiff should receive

$3,362.50 from Allure in attorneys' fees and costs for the services related to Allure.  This amount

will bear interest at the applicable federal legal rate from the date of entry of the judgment until

paid in full.

        **SO RECOMMENDED** on August 23, 2024.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

        A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).