IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | CASE NO. 3:22-CV-514-E (BK) |
| ALLURE JAZZ & CIGARS, LLC | § | |
| ET AL., | § | |
| DEFENDANTS. | § | |

**AMENDED FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's referral order, Doc. 73, *Plaintiff, Joe Hand Promotions, Inc.'s Motion for Summary Judgment Against Defendant, Kevin Courtney*, Doc. 63, is before the undersigned United States magistrate judge for findings and a recommended disposition. As detailed herein, Defendant's motion should be **GRANTED**.

**I. BACKGROUND**[1]

In March 2022, Plaintiff sued Defendants for satellite or cable piracy in violation of the Federal Communications Act of 1934 (the "FCA"). Doc. 1, *passim*; 47 U.S.C. §§ 553, 605. Plaintiff distributes and licenses sporting events to commercial, non-residential establishments, such as bars and restaurants. Doc. 1 at 4. As relevant here, Plaintiff held the exclusive commercial distribution rights to the March 16, 2019, boxing match between Errol Spence, Jr. and Mikey Garcia, as well as all undercard bouts and commentary (the "Program"). Doc. 1 at 2.

---

[1] The Court accepts the well-pleaded allegations in Plaintiff's complaint as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Plaintiff sold the Program's distribution rights to its customers, who then could show it to their patrons.  Doc. 1 at 4.

Defendants, collectively, are the owners, operators, members, or managers of the DeSoto, Texas business known as Allure Jazz and Cigar Lounge or Allure Jazz & Cigars (the "Establishment").  Doc. 1 at 2-4.  Defendants intercepted the Program and showed it to the Establishment's patrons without Plaintiff's authorization.  Doc. 1 at 5.  Plaintiff thus seeks statutory damages, additional damages, attorneys' fees and costs, and post-judgment interest from Individual Defendant Kevin Courtney ("Courtney").  Doc. 1 at 8.

In June 2023, the now-former counsel for Courtney and Allure filed a motion to withdraw as their attorney of record.  Doc. 40.  The Court granted that motion and, in so doing, ordered Allure to retain new counsel and notify the Court of the same no later than September 6, 2023, explicitly warning Allure that it cannot proceed *pro se* because of its status as a corporate entity and failure to comply with the order "may result in the entry of default."  Doc. 41 at 3.  When Allure did not comply, upon Plaintiff's request, the Clerk of Court entered default against Allure.  Doc. 55; Doc. 57.  The Court subsequently granted Plaintiff's motion for default judgment against Allure, further granting Plaintiff $30,000.00 in damages plus $3,362.50 in attorneys' fees and costs.  Doc. 71 at 1; Doc. 70 at 11-12; Doc. 60 at 9.

Plaintiff now moves for summary judgment against Courtney, seeking (1) "statutory damages in the amount of $5,000.00"; (2) "additional statutory damages in the amount of $25,000.00"; and (3) "costs, attorneys' fees, and expenses . . . ."  Doc. 64 at 11; *see* Doc. 64 at 11 nn.3-4 (noting this Court's partial judgment awarding statutory damages against Pride 37 LLC); Doc. 45 (same).  Courtney has not responded or otherwise defended against Plaintiff's motion.

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting a since-amended version of FED. R. CIV. P. 56(c)); FED. R. CIV. P. 56(a), (c).  The moving party has the initial burden of "informing the district court of the basis for its motion, . . . which it believes demonstrate[s] the absence of a genuine issue of material fact." *Id.* at 323; *see Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008) (quoting a since-amended version of FED. R. CIV. P. 56).  Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  But "a party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (cleaned up).

Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Indeed, the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* (citation omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (cleaned up). The Court must view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the same. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). If, however, the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex Corp.*, 477 U.S. at 322-23.

### III. ANALYSIS

As noted, Courtney has not responded to Plaintiff's motion. Although Courtney's failure to respond to an argument raised in a motion for summary judgment does not entitle Plaintiff to summary judgment on that point, *Resolution Tr. Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995), such a failure effectively waives Courtney's opportunity to offer evidence or legal argument in opposition to summary judgment. *Ervin v. Sprint Commc'ns Co. L.P.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam); *see Boyd v. Fam. Dollar Stores of Tex., LLC*, No. 3:22-CV-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023) (Fitzwater, J.) ("[F]ailure to respond does not permit this Court to enter a 'default' summary judgment"). Indeed, a party's failure to "properly support an assertion of fact or . . . properly address another party's assertion of fact as required by Rule 56(c)" enables the court to "consider the fact undisputed for purposes of the motion . . . ." FED. R. CIV. P. 56(e)(2); *see also Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Accordingly, regarding Plaintiff's arguments, Defendant "is relegated to [its] unsworn pleadings, which do not constitute summary judgment evidence." *Id.*; *see also Ass'n of Taxicab Operators, USA v. Yellow Checker Cab Co. of Dallas/Fort Worth, Inc.*, 910 F. Supp. 2d 971, 975 (N.D. Tex. 2012) (Godbey, C.J.) (citing *United States v. Dallas Area Rapid*

4

*Transit*, 96 F.3d 1445 (5th Cir. 1996)); *Solo Serve Corp.*, 929 F.2d at 165 (stating that the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment).

Since Courtney has failed to respond to Plaintiff's motion for summary judgment, he has offered no competent summary judgment evidence. Consequently, the Court accepts the facts established by Plaintiff's evidence as undisputed. And upon review, Plaintiff's factual assertions clearly establish that it is entitled to summary judgment as to each of its claims against Courtney.

### A.  *Plaintiff Is Entitled to Summary Judgment on Its FCA Claims Against Courtney.*

The FCA, a strict liability statute, prohibits the unauthorized interception and broadcast of satellite or cable transmissions. 47 U.S.C. §§ 553, 605; *see J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 815 (N.D. Tex. Aug. 28, 2015) (Boyle, J.) ("The unauthorized interception of satellite or cable transmissions violates both Sections 553 and 605.") (citation omitted). A person violates Section 605 when he "intercept[s] any radio communication . . . [or] receive[s] or assist[s] in receiving any interstate or foreign communication by radio and use[s] such communication . . . for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). To prevail, Plaintiff must prove: (1) the Program was shown in Allure's commercial establishment, the Establishment; (2) without Plaintiff's authorization; and (3) Plaintiff was the exclusive licensee. *J & J Sports Prods., Inc. v. Q Café, Inc.*, No. 3:10-CV-2006-L, 2012 WL 215282, at *3 (N.D. Tex. Jan. 25, 2012) (Lindsay, J.); *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 537 (5th Cir. 2005); *see J & J Sports Prods., Inc. v. Mandell Fam. Ventures, LLC*, 751 F.3d 346, 351 (5th Cir. 2014) (reversing the district court's grant of summary judgment because § 605 "prohibited only the *unauthorized* receipt of radio or satellite communications" and was thus inapplicable) (emphasis added).

Here, Plaintiff has included sufficient evidence to generally establish a violation of § 605. *See* Doc. 65 at 1-4 (enumerating Plaintiff's exhibits and evidence). Specifically, Plaintiff proffers copies of business documents, including: (1) a commercial licensing agreement, which bears the signature of Plaintiff's president, Joseph P. Hand, III; (2) a confidential document showing commercial pricing for pay-per-view licensing of the Program; and (3) an acknowledged piracy affidavit from an investigator, William Hemphill, as to his observations from March 16, 2019, which bears his signature. Doc. 65 at 24-41; *see* Doc. 65 at 16-23 (providing the sworn declaration of Plaintiff's president and custodian of records as to the business records). Additionally, the social media evidence Plaintiff provides shows that: (1) a Facebook page with the name "Allure Jazz & Cigar Lounge" advertised an event to be held on March 16, 2019, broadcasting the Program at the Establishment; (2) a Facebook page with the name "Steph Lova" advertised subsequent events broadcasting other boxing matches on April 20, 2019, September 28, 2019, November 28, 2020, December 5, 2020, and June 6, 2021; and (3) all the information screenshotted from the two Facebook pages could be seen as a member of the public on social media without taking any affirmative steps, such as "friending" or "liking" any pages or people. Doc. 65 at 51-59, 83-84; *see* Doc. 65 at 47-50 (providing the sworn declaration of Plaintiff's counsel as to the social media screenshots). Finally, Plaintiff submits several time-stamped photographs from March 16, 2019, which depict: (1) the outside of the Establishment (time-stamped at 9:53 PM) and (2) at least two television screens featuring the Program taken inside of the Establishment with patrons of the Establishment watching (time-stamped at 10:25 PM). Doc. 65 at 42-45; *see* Doc. 65 at 60-61 (providing two additional photos showing that there were at least two televisions screens being watched by patrons of the

Establishment).[2] The evidence Plaintiff provided establishes that Allure intercepted Plaintiff's transmission of the Program and broadcasted it at the Establishment without a contract, permission, or other authorization from Plaintiff.

But additional findings are required to specifically hold Courtney liable. *J&J Sports Prods., Inc. v. Rest. & Taqueria Cristina*, No. 3:11-CV-3104-N, 2013 WL 3878589, at *5 (N.D. Tex. July 3, 2013) (Stickney, J.) (concluding that director and/or officer and owner of the lounge was individually liable), *adopted by* 2013 WL 3878589 (July 29, 2013) (Godbey, J.). Plaintiff must show that Courtney possessed: (1) the right and ability to supervise the unauthorized activities of the Establishment; and (2) an obvious and direct financial interest in those activities. *Id.*; *see Joe Hand Promotions, Inc. v. Lucky Shot L.L.C.*, No. 2:22-CV-113-Z-BR, 2022 WL 16557847, at *3 (N.D. Tex. Oct. 31, 2022) (Kacsmaryk, J.) (holding that Plaintiff must show the same to obtain default judgment); *J&J Sports Prods., Inc. v. Enola Invs., LLC*, No. 4:17-CV-2893, 2019 WL 13256137, at *3 (S.D. Tex. May 30, 2019), *aff'd mem.*, 795 F. App'x 313 (5th Cir. 2020).

Plaintiff adequately alleges both prongs of this inquiry, and competent summary judgment evidence supports these allegations. Doc. 1 at 2; Doc. 65, *passim*. Plaintiff proffers copies of Allure's Certificate of Formation from the Texas Secretary of State and Texas Franchise Tax Public Information Report from the Texas Comptroller of Public Accounts. Doc. 65 at 6-15. Courtney is listed as "Managing Member 1" on Allure's Certificate of Formation. Doc. 65 at 6-10. And Allure's Franchise Tax Public Information Report bears Courtney's signature as its owner. Doc. 65 at 11-15. Courtney may thus be held vicariously liable because,

---

[2] Plaintiff also provides a 14-second video (time-stamped at 10:01 PM), depicting the same, that the Court reviewed. Doc. 66; Doc. 67.

7

as owner and managing member of the LLC, he clearly has the right and ability to supervise Allure's activities and a strong financial interest in those activities. *Enola Invs., LLC*, 2019 WL 13256137, at *3.

Having put forth evidence sufficient to satisfy each essential element of its claim, Plaintiff has met its summary judgment burden against Courtney. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1196-97 (5th Cir. 1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). At this point, the burden shifts to Courtney to "set forth specific facts showing that there is a genuine issue for trial," not merely to "rest upon the mere allegations or denials of [its] pleading." *Resolution Tr. Corp.*, 965 F.2d at 29 (cleaned up); *see Matsushita Elec. Indus. Co.*, 475 U.S. at 586 (holding that, if a moving party meets its summary judgment burden, the nonmoving party must show the existence of a genuine dispute of material fact to prevail).

As stated, Courtney has failed to respond to Plaintiff's arguments, challenge Plaintiff's evidence, or present any controverting evidence. Doc. 20, *passim*. Although the Court ordered that Courtney's answer, Doc. 20, be stricken, Doc. 71, it would not have constituted competent summary judgment evidence in any event. And beyond Courtney's answer (which again the Court cannot consider as evidence here), there is no evidence that he did not willfully intercept the Program and show it to the Establishment's patrons without Plaintiff's authorization for the purpose of his own financial gain. 47 U.S.C. § 605(e)(3)(B)(iii); Doc. 20; Doc. 71.

Having failed to come forward with evidence demonstrating a genuine dispute of material fact, Courtney has failed to meet his summary judgment burden. Thus, Plaintiff is entitled to summary judgment against Courtney. *See Celotex Corp.*, 477 U.S. at 323-24.

### B. *Courtney is Jointly and Severally Liable for the Statutory and Additional Damages Already Awarded in this Case.*

In light of the Court's conclusion that summary judgment should be granted in Plaintiff's favor, the Court must determine whether damages can be calculated without a hearing. Generally, courts must conduct a hearing or require "detailed affidavits establishing the necessary facts" before assessing damages. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). But Courts may do so without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation," such as by referring to the pleadings and supporting documents. *Id.* Here, Plaintiff did not request a hearing and has attached detailed affidavits from which damages can be ascertained "with certainty by reference to the pleadings and supporting documents alone . . . ." *Frame v. S-H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992). Therefore, no hearing is necessary, as Plaintiff's motion and the competent evidence accompanying it provide a sufficient basis for the Court to calculate damages, and a hearing would not reveal additional pertinent information. *See James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993) ("[T]he court need not jump through the hoop of an evidentiary hearing.").

Plaintiff seeks $5,000.00 in statutory damages and $25,000.00 in additional damages, with supporting evidence including a sworn declaration from its president, Joe Hand, III; a piracy affidavit from its investigator, Hemphill; and its rate card for authorization to broadcast the Program. Doc. 1 at 8; Doc. 63 at 4; Doc. 64 at 11; Doc. 65 at 16-23, 39-41.

The Court has already awarded $30,000.00 to Plaintiff for Defendant Pride 37, LLC's violation of § 605. Doc. 45. And the Court has already declined to grant Plaintiff another damages award against Defendant Allure because it was held jointly and severally liable for the previously entered partial judgment. Doc. 70 at 7; Doc. 71; Doc. 45. Here, too, Plaintiff is not entitled to an additional damages award, as Courtney instead should be found jointly and

9

severally liable under § 605. Doc. 45; *see, e.g.*, *Q Café, Inc.*, 2012 WL 215282, at *5 (granting motion for summary judgment awarding damages to Plaintiff to be paid jointly and severally by all defendants against whom judgment as a matter of law was granted); *Rest. & Taqueria Cristina*, 2013 WL 3878589, at *6-7, *adopted by* 2013 WL 3878589, at *1 (same); *see also, e.g.*, *Joe Hand Promotions, Inc. v. 2 Tacos Bar & Grill, L.L.C.*, No. 3:16-CV-1889-M, 2017 WL 373478, at *3 (N.D. Tex. Jan. 26, 2017) (Lynn, C.J.) (granting motion for default judgment on an identical claim and awarding damages to Plaintiff to be paid jointly and severally by both defaulting defendants); *Joe Hand Promotions, Inc. v. Tejano Cowboy's Lounge, L.L.C.*, No. 3:18-CV-3244-M, 2019 WL 13194128, at *4 (N.D. Tex. July 10, 2019) (Lynn, C.J.) (same). As such, Courtney should be **ORDERED** to pay $30,000.00 in damages ($5,000.00 in statutory damages and $25,000.00 in additional damages) jointly and severally with the other Defendants against whom judgment has already been entered.

### C.  *Attorneys' Fees and Costs Should Be Awarded in the Amount of $6,627.50.*

Plaintiff requests attorneys' fees in the amount of $8,737.50 (30.50 hours at a rate of $250.00 per hour, totaling $7,625.00, plus $1,112.50 unpaid fees previously ordered by the Court) and costs in the amount of $897.00 (the $402.00 filing fee, $400.00 mediation fee plus $95.00 for serving Courtney). Doc. 65 at 120, 122; *see* Doc. 59 at 4 ("Defendant Kevin Courtney is ordered to pay $1,112.50 to Plaintiff's counsel by May 12, 2024") (cleaned up). Upon review, the Court finds that attorneys' fees in the amount of $6,532.50 (26.13 hours at a rate of $250.00 per hour) and costs in the amount of $95.00 should be awarded.

The FCA requires courts to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). In the Fifth Circuit, that determination is a two-step process. *Smith v. Acevedo*, 478 F. App'x. 116,

124 (5th Cir. 2012) (per curiam). First, the Court calculates the "lodestar," or the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id.* The Court excludes time that is excessive, duplicative, or inadequately documented. *Id.* After that, the Court can adjust the amount based on the twelve factors laid out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). The *Johnson* factors are (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skills required to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed of contingent; (7) time limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) "undesirability" of the case; (11) nature and length of the professional relationship with client; and (12) awards in similar cases. *Id.* at 717-19.

Plaintiff should receive the requested rate of $250.00 per hour expended in relation to the claims against m Courtney. In support of the requested rate, Plaintiff offers the affidavit of its attorney, Jamie King, and the invoice of its local counsel, David Michael Walsh IV. Doc. 65 at 113-24. Ms. King, a Texas-licensed attorney since 2004, has handled, or is handling, over 300 anti-piracy cases. Doc. 65 at 113-27. This Court has previously awarded Ms. King fees at an hourly rate of $250.00 in similar cases. *See, e.g.*, Doc. 70 at 8 (recommending awarding Ms. King attorneys' fees at an hourly rate of $250.00); Doc. 71 (adopting the undersigned's recommendation, including for awarding attorneys' fees to Ms. King); *Joe Hand Promotions, Inc. v. Alima*, No. 3:13-CV-889-B, 2014 WL 1632158, at *5-6 (N.D. Tex. Apr. 22, 2014) (Boyle, J.). Given her ability, competence, and experience, the requested rate remains reasonable.

In support of the requested amount, Ms. King attaches time records describing both the estimated number of hours expended (42.20 hours) and the work performed specifically as it relates to Courtney (30.50 hours). Doc. 65 at 115-20. As the requesting party, Plaintiff bears the burden of establishing that the number of hours expended were reasonable with adequately recorded time records as evidentiary support. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court has discretion to reduce the number of compensable hours "[w]here the documentation of hours is inadequate . . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997).

Here, it is appropriate to reduce Ms. King's estimated hours spent on this case. The first two entries for which she seeks fees (totaling 2.80 hours) are duplicative of earlier entries for which she was already awarded fees. Doc. 70 at 9; Doc. 61-13 at 3; Doc. 65 at 115; *see* Doc. 35-10 at 2 (requesting attorneys' fees for these entries); Doc. 45 (awarding the same); *see Bobby Goldstein Prods., Inc. v. Habeeb*, No. 3:21-CV-1924-G, 2023 WL 8790284, at *5 (N.D. Tex. Nov. 27, 2023) (Rutherford, J.), *adopted by* 2023 WL 8791178 (Dec. 19, 2023) (Fish, J.) (reducing the awarded attorneys' fees based on, *inter alia*, duplicative entries). And, though as yet unpaid, another order requiring Defendants to pay the $1,112.50 in fees previously ordered by the Court would also be duplicative, as that order is still operative. Doc. 65 at 120; Doc. 59 at 4.

In addition, Ms. King's time entries contain tasks done for other defendants and vague descriptions of the work completed. *See* Doc. 61-13 at 3-7. Vague time entries are those that are "not illuminating as to the subject matter" or are "vague as to precisely what was done." *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-CV-913-D, 2005 WL 6789456, at *5 (N.D. Tex. Dec.

12

20, 2005) (Fitzwater, J.), *aff'd*, 2007 WL 3085028 (5th Cir. 2007). Ms. King has appropriately divided some vague entries and work completed for additional defendants. Doc. 65 at 119-20. But her time entries and calculations still include descriptions of work done such as "Email correspondence with counsel," "Review file," "prepare email report," and "prepare Advisory" that cannot be apportioned appropriately per defendant. Doc. 65 at 115-19; *see Barrow*, 2005 WL 6789456, at *11 ("Entries such as: 'revise memorandum,' 'review pleadings,' 'review documents,' and 'correspondence' are sufficiently vague that the court could accept or reject them in a fee application.") (cleaned up). Consequently, vague entries and work completed for additional defendants here should be divided and reduced to accurately reflect the work done specifically for Courtney. *See Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) ("When the documentation of hours is inadequate for the court to identify those hours spent on prevailing claims which are separate and distinct from other claims, the district court may reduce the award accordingly."); *Joe Hand Promotions, Inc. v. Fusion Hookah, L.L.C.*, No. A-16-CV1339-RP, 2018 WL 1887293, at *6 (W.D. Tex. Feb. 1, 2018) (reducing attorneys' fees based on time entries related to other defendants), *adopted by* 2018 WL 1885192 (Mar. 28, 2018). And, though Ms. King indicates that she divided the hours spent according to Defendant, namely Courtney, the explanation she provides for her calculations is vague, and the amounts cannot be accurately traced to hours spent working on this motion as to Courtney. Doc. 65 at 119-20.

Based on a review of these records, the Court calculated that Ms. King spent 26.13 hours related to Courtney and that this amount of time was reasonable and necessary. Due to the adjustments for the "lodestar," no further modifications of the amount are necessary under the *Johnson* factors. *See Johnson*, 488 F.2d at 717-19; *Smith*, 478 F. App'x. at 124. Accordingly,

13

awarding $6,532.50 in such fees is proper due to the undersigned's experience in determining reasonable attorneys' fees based on time expended and the fee awards in similar cases.

Plaintiff also requests $897.00 in costs, including $400.00 for court-ordered mediation that occurred after Courtney's counsel had withdrawn and which Courtney did not attend or participate in. Doc. 49 at 1; Doc. 65 at 122-23. Accordingly, $497.00 is attributable to Courtney, not $897.00. *See Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 WL 6876208, at *5-6 (W.D. Tex. Nov. 23, 2020) (reducing the plaintiff's costs to those attributable to the particular defendant). Further, Plaintiff has already been awarded the filing fee. Doc. 45. Thus, Plaintiff should be awarded costs in the amount of $95.00 for the process serving fees for Courtney. Doc. 65 at 122-23.

### D. *Plaintiff is Entitled to Post-Judgment Interest.*

Finally, Plaintiff seeks post-judgment interest. Doc. 1 at 8; Doc. 64 at 36-37. Interest is allowed on any money judgment in a civil case recovered in a district court. 28 U.S.C. § 1961(a). "A district court has discretion to impose a . . . post-judgment interest award to make a plaintiff whole." *Williams v. Trader Publ'g Co.*, 218 F.3d 481, 488 (5th Cir. 2000) (per curiam). Given the undersigned's recommended award of attorneys' fees and costs, Plaintiff will be harmed if Courtney fails to diligently satisfy the same. Post-judgment interest will ensure that Plaintiff is made whole, so Plaintiff should be awarded the same according to § 1961 *supra*.

## IV. CONCLUSION

For the foregoing reasons, *Plaintiff, Joe Hand Promotions, Inc.'s Motion for Summary Judgment Against Defendant, Kevin Courtney*, Doc. 63, should be **GRANTED**. Accordingly, summary judgment should be entered against Individual Defendant Kevin Courtney, for a total of $30,000, to be paid jointly and severally with co-Defendants. *See* Doc. 70 at 7; Doc. 71.

Courtney should also be ordered to pay to Plaintiff $6,627.50 in attorneys' fees and costs. Additionally, the Court should order that the judgment bear interest at the applicable federal legal rate from the date of entry of the judgment until paid in full. Finally, as no claims against Courtney will remain pending, the Clerk of the Court should be directed to terminate Courtney as a defendant in this action.

**SO RECOMMENDED** on May 27, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).